<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| GERMAN RAMERIZ, | : | |
| Plaintiff, | : | Civil Action No. 09-00464(SRC) |
| v. | : | |
|  | : | **OPINION** |
| MARK FILIP, JANET NAPOLITANO, MICHAEL AYTES, KIMBERLY J. ZANOTTI | : | |
| Defendants. | : | |

**CHESLER, U.S.D.J.**

**THIS MATTER** comes before the Court upon Defendants' motion seeking an order setting aside the defaults entered against them (docket #11).  Plaintiff has not opposed this motion.

The Court, having considered the papers submitted, for the reasons set forth below, and for good cause shown, **GRANTS** Defendants' motion to vacate the defaults.

**I.    BACKGROUND AND PROCEDURAL HISTORY**

On February 2, 2009, Plaintiff German Rameriz initiated this action under the Immigration and Nationality Act of 1952 ("INA"), 8 U.S.C. § 1101 *et seq*. (docket #1).

Plaintiff alleges that the refusal of U.S. Citizenship and Immigration Services to allow Plaintiff to seek adjustment of his status, was a violation of his constitutional rights and rights provided pursuant to the INA. Plaintiff requested that the Clerk enter defaults against all Defendants on August 17, 2009 (docket #7-10). The Clerk of the Court issued an entry of default as against all Defendants on August 19, 2009. On August 25, 2009, Defendants filed a motion to set aside default.

II.   **LEGAL ANALYSIS**

    A.   **Defendants' Motion to Vacate Default**

The decision whether to vacate a default against a party lies within the Court's discretion. Tozer v. Charles A. Krause Milling Co., 189 F.2d 242, 244 (3d Cir. 1951). Entry of a default is not favored and doubtful cases must be resolved in favor of the non-moving party. United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 194-95 (3d Cir. 1984).

In considering Defendants' motion to vacate the default, this Court must consider: "(1) whether the plaintiff will be prejudiced if the default is lifted; (2) whether the defendant has a meritorious defense; and (3) whether the default was the result of the defendant's culpable conduct." Sawadski De Bueno v. Bueno Castro, 822 F.2d 416, 419-20 (3d Cir. 1987). The question of prejudice, when determining whether to vacate a default, concerns the loss of available evidence, whether there is increased potential for collusion or fraud, and whether the plaintiff substantially relied upon the default. Feliciano v. Reliant Tooling Co. Ltd., 691 F.2d 653, 657 (3d Cir. 1982). The Court

finds none of those factors present in this case.  Plaintiff will not be prejudiced by merely having to litigate a matter he hoped to prevail on by default.  Indeed, the law favors adjudicating cases on the merits.  E.g., United States v. Skalsky, 71 F.R.D. 564, 567-68 (E.D. Pa. 1976), aff'd, 556 F.2d 570 (3d Cir. 1977).

Defendants have demonstrated excusable neglect for their failure to timely respond.  As outlined in their moving papers, although the docket shows that service has been made, there is no indication that service was effectuated on the Defendants.  In order to serve an agency or official of the United States, service must comply with Fed. R. Civ. P. 4(i)(2)(B).  As put forth in the declaration of Peter G. O'Malley, Assistant U.S. Attorney, such service did not occur.  Consequently, Defendants cannot be in default.  Id.; Fed. R. Civ. P.  55.

## III.   CONCLUSION

For the above-stated reasons, Defendants' motion to vacate the default entered against them (docket #11) is **GRANTED**. An appropriate Order accompanies this Opinion.

   s/ Stanley R. Chesler  
Stanley R. Chesler, U.S.D.J.

Dated:  September 30, 2009