<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| GERMAN RAMIREZ, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 09-464(SRC) |
| MARK FILIP, *et al.* | : OPINION |
| Defendants. | : |

**<u>CHESLER</u>**, District Judge

    This matter comes before the Court upon Defendants' motion to dismiss for lack of subject matter jurisdiction (docket item #20). Plaintiff has opposed the motion to dismiss (docket item #22). After consideration of the parties' briefing, the Court has determined that it will grant the motion and dismiss the Complaint with prejudice. In the following discussion, the Court gives its reasons for the decision.

**I.   BACKGROUND**

    As alleged in the Complaint, Plaintiff first entered the United States in 1987 as a non-immigrant visitor. During a subsequent visit to Columbia, Plaintiff was allegedly targeted by anti-government guerilla forces. On November 3, 1999, Plaintiff was served with a Notice to Appear and removal proceedings were initiated. Plaintiff's attorney, Ms. Silvia Brandon Perez filed an Application for Cancellation of Removal under Section 240A(b)(1) on behalf of

Plaintiff. In proceedings before Immigration Judge Annie S. Garcy, the application of removal was denied. On October 21, 2002, the Board of Immigration Appeals denied Plaintiff's appeal and he was ordered deported. Plaintiff contends that he remains in fear that he will be tortured if he returns to Columbia. Plaintiff also contends that his attorney, Ms. Perez, engaged in ineffective assistance of counsel by, among others, failing to question Plaintiff about threats made against his family and by failing to explain the requirements for gaining relief under the Convention Against Torture. On November 7, 2003, Plaintiff filed an Application to Reenter after Deportation, which currently remains pending.

As put forth in the affidavit of Deportation Officer, William J. Burnett, Immigration and Customs Enforcement ("ICE") made several arrest attempts in 2008 to effectuate the removal order and in 2010 for a moving violation summons. All attempts resulted in no arrest and the ICE now considers Plaintiff to be a fugitive.

**II.    DISCUSSION**

The Court agrees the fugitive disentitlement doctrine bars the instant application for relief.[1] Plaintiff is subject to a valid and final order of removal and appears to be eluding apprehension efforts of the ICE. In such a case, a person who escapes the restraints of a conviction may be barred from calling upon the resources of the Court. Arana v. U.S., 673 F.2d 75 (3d Cir. 1982). While the use of the doctrine in immigration cases is discretionary, it is entirely permissible. See U.S. v. Wright, 902 F.2d 241, 243 (3d Cir. 1990); Sapoundjiev v.

---

[1] The Court appreciates Plaintiff's argument that the fugitive disentitlement doctrine is not a legal requirement, but an equitable doctrine to be used with discretion. The Court, however, is satisfied, for the reasons discussed herein, that the application of the doctrine is appropriate in this case.

2

Ashcroft, 376 F.3d 727 (7th Cir. 2004) (noting that "every circuit that has considered the issue has concluded that the fugitive-disentitlement doctrine applies to immigration cases.").

Plaintiff argues that the existing fugitive status is not sufficiently connected to the issues currently before this Court and should not serve as a bar to the requested relief.  See Armentero v. INS, 412 F.3d 1088, 1094 (9th Cir. 2005) (Berzon, dissenting).  As the Defendants point out, the majority of Plaintiff's support derives from dissenting opinions.  Furthermore, Plaintiff fails to provide any controlling case law in opposition to the Third Circuit's holding that the doctrine does, indeed, apply in immigration cases.  Given that the supporting declaration of Deportation Officer William Burnett suggests that Plaintiff is evading arrest, while currently subject to a valid final order of removal, the Court holds that the fugitive disentitlement doctrine bars the instant application for relief.

### III.  CONCLUSION

For the reason discussed above, the Complaint will accordingly be dismissed with prejudice.  An appropriate Order will be filed.


Dated: August 12, 2010

                                            s/ Stanley R. Chesler
                                           STANLEY R. CHESLER, U.S.D.J.